IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

U<span style="font-variant:small-caps">NITED</span> S<span style="font-variant:small-caps">TATES OF</span> A<span style="font-variant:small-caps">MERICA</span>,

    Plaintiff,

v.                Case No. 13-10071-JTM

A<span style="font-variant:small-caps">MOS</span> B<span style="font-variant:small-caps">ECKNELL</span>,

    Defendant.

MEMORANDUM AND ORDER

  The court held a hearing on Amos Becknell's Motion to Dismiss (Dkt. 16) on July 22, 2013. Becknell claims that his rights to a speedy trial under the Sixth Amendment and due process under the Fifth Amendment have been violated. He also argues that one of the laws he has been charged with breaking violates the U.S. Constitution as an improper exercise of Congress's authority under the Commerce Clause. After reviewing the parties' briefs and listening to their respective arguments at the hearing, the court denies Becknell's Motion.

**I. Relevant Background**

  On April 1, 2011, law enforcement obtained a search warrant for the home of Becknell's mother in Wichita. In the house, the police found three firearms and 12.96 grams of cocaine. The Sedgwick County District Attorney filed felony gun and drug charges against Becknell on April 5, 2011. After four continuances—three by Becknell, one by the State—the preliminary hearing was held on June 14, 2011. At Becknell's request, the court continued the jury trial eight times between September 2, 2011 and

August 27, 2012; the court continued the jury trial once at the State's request, on July 5, 2012. On August 27, 2012, Becknell waived his right to a jury trial, and the court rescheduled the case for a bench trial on September 18. Becknell continued the bench trial twice and then requested the case be rescheduled once again for a jury trial. Finally, after one more request for continuance from each side, the Sedgwick County District Court dismissed the case for a speedy trial violation on February 22, 2013. In sum, Becknell had requested fourteen continuances and the State had requested three.

On April 23, 2013, the defendant was charged in the U.S. District Court for the District of Kansas with possessing cocaine with the intent to distribute, possessing a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm.

**II. Sixth Amendment – Speedy Trial**

Becknell states that by prosecuting him in federal court, the government "now seeks an 'end run' around" the state court's dismissal of the case on speedy trial grounds. Dkt. 16, p. 2. The court disagrees and holds that the Sixth Amendment provides no grounds for the relief Becknell seeks.[1]

The U.S. Constitution guarantees the accused in all criminal prosecutions "the right to a speedy and public trial . . . ." U.S. CONST. amend. VI. "The Sixth Amendment right to a speedy trial 'attaches only when a formal criminal charge is instituted . . . .'" *United States v. Allen*, 986 F.2d 1354, 1356 (10th Cir. 1993) (citing *United States v.*

---

[1] The traditional speedy trial analysis begins with the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (2008). However, Becknell admits that the Speedy Trial Act provides no relief here, when the Act's seventy-day time period has not yet run. The court agrees.

2

*MacDonald*, 456 U.S. 1, 6 (1982)). The U.S. Court of Appeals for the Tenth Circuit clarified that "a formal criminal charge" means "a federal charge," and held that "a defendant's Sixth Amendment rights are not triggered by prior state arrest or indictment." *Id*. (holding "a defendant's Sixth Amendment rights are not triggered by prior state arrest or indictment.").

Becknell argues that under the four-factor test laid out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the court should find that his Sixth Amendment rights have been violated because he has not been brought to trial since the State of Kansas first brought charges against him on April 5, 2011. But Becknell's federal right to a speedy trial was not triggered by his state indictment. *See Allen*, 986 F.2d at 1356. With no Sixth Amendment right triggered by his state charges and no claim that his current federal prosecution since April 23, 2013 violates his Sixth Amendment right, the court need not address the *Barker* factors. Becknell's Sixth Amendment claim is denied.

## III. Fifth Amendment – Due Process

Becknell also argues that the two-year delay in his prosecution since the State first filed charges against him violates his right to due process under the Fifth Amendment. The court finds that Becknell has failed to meet his burden of proving the elements of this claim.

"The [Fifth Amendment] Due Process Clause has a limited role to play in protecting against oppressive delay." *United States v. Lovasco*, 431 U.S. 783, 789 (1977). To find a Fifth Amendment violation, the defendant must show that (1) actual prejudice resulted from a preindictment delay and (2) the delay was purposefully designed to

3

gain tactical advantage or to harass the defendant. *United States v. Revada*, 574 F.2d 1047, 1048 (10th Cir. 1978) (internal citation and quotation marks omitted).

Becknell argues that he has suffered actual prejudice from the delay for several reasons, including the passage of time dimming the memories of witnesses and compromising the quality of the evidence. But waiting for the resolution of a state action arising out of the same conduct before indicting the defendant does not constitute improper delay. *Lovasco*, 431 U.S. at 795.

Additionally, Becknell admits that "there is no evidence that the government intentionally delayed the proceedings at either the state and certainly not the federal level . . . ." Indeed, Becknell's fourteen requests for continuance in state court (compared with three requests by the prosecution) suggests that if either side intentionally delayed the proceedings, it was Becknell. Even if Becknell could establish the first element of the due process test, he admittedly cannot establish the second. Accordingly, with no argument or evidence before it that the government delayed proceedings on purpose to gain a tactical advantage or harass the defendant, the court denies Becknell's Fifth Amendment claim.

**IV. Commerce Clause**

Counts three through five of the government's indictment allege that Becknell violated 18 U.S.C. §§ 922(g)(1) and 924(a)(2) by possessing, as a convicted felon, firearms that have been shipped and transported in interstate commerce. Becknell argues that § 922(g)(1) is unconstitutional as beyond the scope of Congress's power

under the Commerce Clause. Bound by precedent, the court holds that § 922(g)(1) was passed by Congress in a valid exercise of its Commerce Clause power.

Congress has the power to "regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes . . . ." U.S. CONST. art. I, § 8, cl. 3. Proof that the possessed firearm previously traveled in interstate commerce is sufficient to satisfy the statutorily required nexus between the possession of a firearm by a convicted felon and commerce. *Scarborough v. United States*, 431 U.S. 563, 575 (1963). To establish a nexus with interstate commerce, the government need prove only that the firearm possessed by the convicted felon traveled "at some time" in interstate commerce. *Id*. The U.S. Supreme Court rejected the defendant's arguments that the nexus between possession and commerce must be "contemporaneous" and that the statute proscribes "only crimes with a present connection to commerce." *Id.*

Over thirty years after its opinion in *Scarborough*, the U.S. Supreme Court identified "three broad categories of activity that Congress may regulate under its commerce power": (1) channels of interstate commerce, (2) instrumentalities of interstate commerce, and (3) activities having a substantial relation to interstate commerce. *See United States v. Lopez*, 514 U.S. 549, 558–59 (1995). The Tenth Circuit "see[s] considerable tension between *Scarborough* and the three-category approach adopted by the Supreme Court in its recent Commerce Clauses cases . . . ." *United States v. Patton*, 451 F.3d 615, 636 (10th Cir. 2006). Regardless, the Tenth Circuit has repeatedly applied *Scarborough* to felon in possession cases, even after *Lopez*. *See Patton*, 451 F.3d 615, 634 (10th Cir. 2006) (listing cases). Indeed, the Tenth Circuit has twice upheld

§ 922(g)(1)'s post-*Lopez* constitutionality. *See United States v. Dorris*, 236 F.3d 582, 584–86 (10th Cir. 2000) (citing *United States v. Farnsworth*, 92 F.3d 1001, 1006 (10th Cir. 1996) and *United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995)).

Despite the apparent "tension," this court is bound to follow the precedent of the Tenth Circuit. The court denies Becknell's motion and upholds § 922(g)(1) as a valid exercise of Congress's power under the Commerce Clause.

## V. Conclusion

The court finds no Sixth Amendment speedy trial violation or Fifth Amendment due process violation. The court also holds that the felon in possession statute under which Becknell has been charged was passed by Congress as a proper exercise of its power under the Commerce Clause. Accordingly, the court denies Becknell's motion to dismiss.

IT IS THEREFORE ORDERED this 22nd day of July, 2013, that Becknell's Motion to Dismiss (Dkt. 16) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE