IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 13-10071-JTM

AMOS BECKNELL,

        Defendant.

MEMORANDUM AND ORDER

Defendant Amos Becknell faces one count of possession of cocaine with intent to distribute, one count of possessing a firearm in furtherance of a drug trafficking crime, and three felon-in-possession counts. The court has before it two motions in limine by the United States. First, in its Motion in Limine (Dkt. 36), the government requests that the court prevent the defendant, Amos Becknell, from arguing a justification defense and deny inclusion of a justification jury instruction. Second, in its Notice of Intent to Introduce Evidence (Dkt. 38), the government requests an in limine ruling that certain evidence is admissible at trial under Federal Rule of Evidence 404(b). After reviewing the briefs and holding a hearing on September 3, 2013, the court is prepared to rule.

**I. Justification Defense**

Anticipating that Becknell will defend his felon-in-possession charges by employing a justification defense, the government moves the court to prohibit him from doing so. Becknell responds that his defense will be that he did not possess the firearms identified in the indictment, and he asks the court to deny the motion in limine as moot.

The court finds that Becknell's statement as to what he intends to argue at trial does not render the issue moot. Because Becknell is not bound by his statement, he would still be free to argue justification at trial. However, with Becknell's assurance that restricting his use of the justification defense will not affect him, the court grants the government's motion in limine.

**II. 404(b) Evidence**

On February 28, 2003, the Wichita Police Department executed a search warrant at a residence and found a firearm. The police had observed Becknell at the residence on numerous occasions, including one instance several days before the warrant execution when Becknell answered the door after officers knocked. While police were executing the warrant, Becknell arrived at the residence. Officers patted him down, finding marijuana and two bags of crack cocaine on his person. Becknell was convicted for possession of cocaine, possession of marijuana, and two counts of no tax stamp. He was not charged with possession of a firearm.

Over a year later on August 23, 2004, Wichita police officers contacted Becknell when they were called to a domestic dispute. After a physical altercation with Becknell, the officers searched him and found a .22-caliber Jennings handgun and crack cocaine. Becknell was convicted of possession of cocaine and being a felon in possession of a firearm.

In its Notice of Intent to Introduce Evidence, the government seeks a preliminary ruling allowing it to introduce these events at trial as prior bad acts pursuant to Federal Rule of Evidence 404(b). "Evidence of a crime, wrong or other act is not admissible to

2

prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). For evidence of other acts to be admissible pursuant to Rule 404(b), the evidence must thus be offered for a proper purpose, and it must be relevant. *See Huddleston v. United States,* 485 U.S. 681, 691–92 (1988). The trial court must identify a reason for admitting the evidence, *see United States v. Cardall,* 885 F.2d 656, 671 (10th Cir. 1989), and must make a determination that the prejudicial effect of the evidence does not substantially outweigh its probative value, *see United States v. Cuch,* 842 F.2d 1173, 1176 (10th Cir.1988); FED. R. EVID. 403. The decision to admit or exclude evidence pursuant to Rules 404(b) and 403 is within the trial court's sound discretion. *See United States v. Lugo,* 170 F.3d 996, 1005 (10th Cir.1999).

<u>Becknell's Prior Drug Possession on February 28, 2003 and August 23, 2004</u>

The government offers Becknell's prior drug possession incidents for the purpose of proving intent, knowledge and lack of mistake in this case. Prior drug involvement is admissible to establish the intent to distribute in a drug trafficking offense. *United States v. Cherry*, 433 F.3d 698, 701 (10th Cir. 2005). Knowledge is at issue when a defendant denies participation in and awareness of a criminal act. *See United States v. Delay*, No. 03-40055-01-SAC, 2004 WL 433808, at *2 (D. Kan. Feb. 6, 2004). The admissibility of prior acts evidence to prove knowledge is based on the inference that a

defendant is likely to have gained the requisite criminal knowledge after repeated instances of conduct. *Id.* (internal citation omitted).

However, in *Cherry*, the government was using a prior conviction for a communications device in facilitating distribution of crack cocaine as evidence of the defendant's intent to distribute drugs. 433 F.3d at 700. Here, where Becknell's prior convictions were for simple possession, the proper purpose of this evidence would only be to show an intent to possess the drugs and not an intent to distribute them.

Regarding relevance, the U.S. Court of Appeals for the Tenth Circuit has " 'noted that prior narcotics involvement is relevant when that conduct is close in time, highly probative, and similar to the activity with which the defendant is charged.' " *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000) (quoting *United States v. Wilson*, 107 F.3d 774, 785 (10th Cir. 1997)), *cert. denied*, 532 U.S. 1000 (2001). Indeed, "the probative value of evidence of a prior illegal act depends upon the temporal proximity between the prior and charged acts." *United States v. Massey*, 48 F.3d 1560, 1571 (10th Cir.), *cert. denied*, 515 U.S. 1167 (1995). The relevance of prior narcotics involvement is evaluated by whether it is close in time and similar to the charged crime. *United States v. Conway*, 73 F.3d 975, 981 (10th Cir.1995). The Tenth Circuit has "no absolute rule regarding the number of years that can separate offenses," but the time must be reasonable under the facts and circumstances of the case. *Id.* at 1571–72 (quotation marks omitted). However, the Tenth Circuit has held that "[f]our to six years transcends our conception of 'close in time' as established in *Wilson*, 107 F.3d at 785." *Becker*, 230 F.3d at 1232 (other citations omitted).

4

Further, " '[t]here must be a clear and logical connection between the alleged earlier offense or misconduct and the case being tried.' " *United States v. Robinson,* 978 F.2d 1554, 1559 (10th Cir. 1992) (quoting *United States v. Biswell,* 700 F.2d 1310, 1317–18 (10th Cir. 1983)), *cert. denied,* 507 U.S. 1034 (1993). And the "lack of clear association between the purported purpose for the introduction of the evidence and the act itself renders the past conviction irrelevant, highly prejudicial and inadmissible." *Id.*

The court must review the facts and circumstances of each case to determine whether a prior act is stale. *United States v. Shumway,* 112 F.3d 1413, 1421 (10th Cir.1997). In this case, the government alleges that Becknell possessed 12.96 grams of cocaine on April 1, 2011. The simple possession offenses the government wishes to use as evidence occurred on February 28, 2003 and August 23, 2004. According to the government, Becknell spent twenty-seven months in custody between these prior offenses and his arrest in this case. Excluding his time in custody, the 2003 incident is over five-and-one-half years old, and the 2004 incident is nearly four-and-one-half years old. *See Cherry*, 433 F.3d at 702 n. 4 (excluding time in custody from staleness analysis because an inmate has no opportunity to commit other distribution offenses). The lack of temporal proximity of these prior drug possession convictions with Becknell's current charges undermines their relevance. *See Becker*, 230 F.3d at 1232.

Due to their dissimilarities, these prior events also lack a logical connection to Becknell's current charges. In his prior offenses, Becknell was found carrying small quantities of drugs on his person, which is distinguishable from the case he now faces, where police found a substantial amount of drugs in an empty house with which

5

Becknell had been associated. The lack of temporal proximity and similarity between Becknell's prior offenses and the charges he faces now lead to the conclusion that the relevance and probative value of this evidence is low.

The court must decide whether the evidence should be excluded under Rule 403 as unfairly prejudicial. Defendant's knowledge is at issue in this case, and admissibility of prior acts is appropriate to prove knowledge, intent or motive. *United States v. Sturmoski*, 971 F.2d 452, 459 (10th Cir. 1992). However, the prior acts offered by the government do not tend to make it more or less likely that Becknell had knowledge of these drugs or intended to sell them. His prior convictions were for mere possession, so any increased likelihood in the mind of a juror regarding Becknell's intent to distribute would rely mostly, if not solely, on inappropriate prejudice. Instead of showing Becknell's knowledge, these prior offenses convey the prejudicial message that Becknell's actions in this case conform with his actions in other cases.

Any tendency this evidence has to prove or disprove one of the elements necessary to the charged offense relies heavily on the inference that Becknell has a bad character or a propensity to commit crime. His prior possession convictions prove only that Becknell has possessed small amounts of drugs in the past, not that he possessed drugs for distribution purposes. This lack of association with the current charges renders the evidence highly prejudicial. *See Robinson*, 978 F.2d at 1559. Given the low probative value of the evidence and its high probability of unfairly prejudicing a jury against Becknell by framing him as a recidivist drug possessor, the court finds that this evidence should be excluded pursuant to Rule 403. Accordingly, the government's

request for an in limine order allowing this evidence is denied. As with any in limine order, this ruling is provisional and circumstances at trial may dictate a different conclusion.

Becknell's Prior Gun Possession on February 28, 2003

The court denies the government's request for an in limine order confirming the admissibility of evidence of a gun found on February 28, 2003. On that day, officers found a firearm while executing a search warrant at a residence where Becknell had been observed. Becknell showed up at the residence during the execution of the warrant and officers found marijuana and cocaine on his person. The firearm was not found on his person, Becknell denied that the firearm was his, and he was not even charged—let alone convicted—of any firearm violation in the ensuing criminal case.

Although the government seeks to introduce this evidence for the proper purpose of showing Becknell's knowledge in this case, this evidence is not relevant to the case at hand. As discussed above, the court considers the incident from 2003 to be over five-and-one-half years old, undermining its relevance. Additionally, "similar acts" evidence should be admitted under Rule 404(b) "if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." *Huddleston*, 485 U.S. 681, 685 (1988). The evidence regarding the gun found on February 28, 2003 does not meet this standard. The court accordingly denies the government's motion in limine regarding this evidence.

Becknell's Prior Gun Possession on August 23, 2004

The government also seeks to admit evidence of Becknell's prior felon-in-possession conviction after he was found with a .22 caliber pistol on his person on August 23, 2004. Becknell argues that this is not relevant, has insufficient probative value, and is prejudicial. The court disagrees and grants the government's motion in limine regarding this "bad acts" evidence.

*United States v. Moran*, 503 F.3d 1135 (10th Cir. 2007) is on point here. In *Moran*, the defendant was pulled over on January 8, 2005, while driving an SUV with a rifle in the back seat. 503 F.3d at 1139. The SUV belonged to Moran's girlfriend, and he claimed that the rifle was hers as well. *Id.* As a felon, Moran's possession of the firearm subjected him to criminal prosecution under 18 U.S.C. § 922(g)(1). At trial, the court admitted evidence of Moran's March 1994 conviction for being a felon in possession. *Id.* at 1143. The jury convicted Moran of being a felon in possession of a firearm. *Id.* at 1137–38. Moran appealed his conviction, arguing that the district court abused its discretion by admitting his prior conviction under Rule 404(b). *Id.* at 1138.

The Tenth Circuit upheld the district court's ruling admitting Moran's previous conviction under Rule 404(b). *Id.* at 1446. The court found that the conviction was offered for the proper purpose of challenging the element of the offense that Moran "knowingly possessed" the firearm. *Id.* at 1144. Moran had claimed that he did not know the rifle, which belonged to his girlfriend, was in the SUV he was driving. *Id.* The court held that the evidence was offered, and admitted, for the proper purpose of showing "knowledge, intent and absence of mistake or accident." *Id.*

8

The appellate court held that Moran's prior conviction was relevant:

> In addition, the conviction is relevant under *Huddleston*'s second factor because it is probative to demonstrate that Mr. Moran "knowingly" possessed the firearm. Mr. Moran denied knowledge of the rifle in the car, and the government had the burden of proving knowing possession of the firearm. To prove the knowledge element of the offense, the government offered evidence that Mr. Moran knowingly possessed a firearm at another point in time. Because the prior conviction required the same knowledge, evidence of the conviction had a tendency to make the existence of Mr. Moran's knowledge of the rifle in the present case more probable than it would be without the evidence. In other words, the fact that Mr. Moran *knowingly* possessed a firearm in the past supports the inference that he had the same knowledge in the context of the charged offense.

*Id.* (internal quotation marks and citations omitted) (emphasis in original).

The Tenth Circuit acknowledged that using Moran's prior conviction to prove knowledge did involve a propensity inference —"i.e., because he knowingly possessed a firearm in the past, he knowingly possessed the firearm in the present case." *Id.* at 1145. But the court noted that the inference was a specific one that did not "require a jury to first draw the forbidden general inference of bad character or criminal disposition; rather, it rests on a logic of improbability that recognizes that a prior act involving the same knowledge decreases the likelihood that the defendant lacked the requisite knowledge in committing the charged offense." *Id.* "[W]hen other-act evidence is admitted for a proper purpose and is relevant, it may be admissible even though it has the potential impermissible side effect of allowing the jury to infer criminal propensity." *Id.* (internal quotation marks and citation omitted). "That is, such evidence may be admissible under Rule 404(b) as long as it tends to prove something other than criminal propensity." *Id.* (internal citation omitted).

The Tenth Circuit upheld the trial court's decision that the potential for unfair prejudice did not outweigh the evidence's probative value. *Id.* The court found the prior act to be sufficiently similar. *Id.* The court also noted that the passage of time (over ten years) did not diminish the prior act's probative worth: "Here, because Mr. Moran denied he had knowledge of the rifle, the prior conviction had clear probative value in rebutting this defense." *Id.* at 1145–46.

The case before this court is much like the one in *Moran*. The government offers evidence of Becknell's prior felon-in-possession conviction for the same purposes as it did in *Moran*: knowledge, intent and absence of mistake or accident. This is a proper purpose under Rule 404(b). Becknell's defense puts his knowledge in question, which the government must prove.

For the same reasons stated by the Tenth Circuit in *Moran*, evidence that Becknell knowingly possessed a firearm in the past is relevant to show knowledge and intent at a subsequent time. *Moran*, 503 F.3d at 1144. The Tenth Circuit explained that passage of time did not diminish the prior act's probative worth in Moran's case, and Becknell's prior conviction is less remote in time than Moran's was. Further, this court finds that the factual differences between Becknell's prior conviction and his current charges do not make the evidence substantially less relevant. This court has no reason to conclude that introducing Becknell's prior conviction would be unduly prejudicial. It does not have "substantial potential to cause the jury to decide the case on an emotional basis." *See United States v. Higgins*, 282 F.3d 1261, 1274 (10th Cir. 2002).

The court grants the government's motion in limine to deem Becknell's prior felon-in-possession conviction admissible because the evidence is asserted for a proper purpose, is relevant, and is not unfairly prejudicial. Upon Becknell's request, the court will grant a limiting instruction at trial cautioning the jury to consider the evidence only as it bears on the defendant's intent, knowledge, absence of mistake or accident, and for no other purpose.

IT IS THEREFORE ORDERED this 10th day of September, 2013, that the government's Motion in Limine (Dkt. 36) is granted. The government's motion for an in limine order deeming admissible the evidence identified in its Notice of Intent to Introduce Evidence (Dkt. 38) is granted in part and denied in part to the extent set forth above.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE