IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No. 13-10071-JTM

AMOS BECKNELL,

        Defendant.

MEMORANDUM AND ORDER

The court has before it defendant Amos Becknell's Motion in Limine (Dkt. 43), which requests the court for an order limiting the presentation of certain evidence by the government before the jury. The court is prepared to rule.

**I. 704(b) Opinion Evidence**

In this case, the government must prove that Becknell knowingly possessed cocaine with the intent to distribute it, that he possessed a firearm in furtherance of drug trafficking, and that he knowingly possessed firearms as a felon. Becknell asks the court to prohibit the government's law enforcement witnesses from giving their opinions regarding his mental state or condition constituting an element of any of the crimes he is charged with. Becknell anticipates that the government may try to present evidence in the form of an officer's opinion that a person demonstrating various characteristics is probably committing a crime, and he objects to this evidence pursuant to Federal Rule of Evidence 704(b).

Expert witnesses may give testimony based on specialized knowledge if it will assist the jury to understand the evidence or determine a fact in issue. *See* FED. R. EVID. 702. "An opinion is not objectionable just because it embraces an ultimate issue." FED. R. EVID. 704(a). But Rule 704(b) provides an exception:

> In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone.

FED. R. EVID. 704(b). But the scope of the rule is limited. "Rule 704(b) only prevents experts from expressly stating the final conclusion or inference as to a defendant's actual mental state. The rule does not prevent the expert from testifying to facts or opinions from which the jury could conclude or infer the defendant had the requisite mental state." *United States v. Richard,* 969 F.2d 849, 854–855 (10th Cir. 1992). Factual observations by an officer are permissible as relevant and not in violation of Rule 704(b). *See, e.g., United States v. Figurero-Cruz,* 500 Fed. App'x 759, 764–65 (10th Cir. 2012). And an officer may give his opinion about how drug traffickers behave. *See id.* Even when an officer makes statements that imply a belief that the defendant was in fact aware of the nature of the drug transaction, those statements may be admissible as long as the officer does not expressly draw that conclusion or inference for the jury. *See Richard,* 969 F.2d at 855.

The court denies Becknell's motion at this time, as the court cannot know what statements any of the government's witnesses will make. This court will not prevent an officer from testifying as to his or her opinion based on training and experience and

2

specialized knowledge, as the rules of evidence allow. The Federal Rules of Evidence prohibit the government from introducing an expert witness's express opinion on Becknell's mental state, so no in limine order is necessary to prevent that evidence. Becknell is free to make a contemporaneous objection to any testimony he believes crosses the line at trial.

**II. Gang Affiliation**

Becknell anticipates that the officers may testify about his alleged gang affiliation, and he objects to this evidence as overly prejudicial pursuant to Rule 403, irrelevant pursuant to Rule 401, and inadmissible potential character evidence pursuant to Rule 404(a)(1). The government responds that it is not planning on presenting this evidence unless defendant opens the door for it.

The court grants Becknell's motion in limine. Becknell's identity is not at issue, and he is not facing conspiracy charges, so the evidence of his gang affiliation is not particularly relevant—let alone probative—in this case, and it is substantially prejudicial. This evidence is therefore inadmissible unless Becknell opens the door or presents evidence or testimony in his case in chief in direct contravention of his gang affiliation.

**III. Reference to Criminal Informant**

Becknell moves the court to rule inadmissible any reference by officers regarding a confidential informant in describing how the officers came to apply for a search warrant in this case. Becknell argues that unless the informant testifies, testimony about information the informant allegedly provided to the officers is inadmissible hearsay

under Rule 802. He also argues that this testimony would deprive him of his Sixth Amendment right to confront witnesses against him.

The government correctly cites *United States v. Freeman*, 816 F.2d 558 (10th Cir. 1987) and *United States v. Cass*, 127 F.3d 1218 (10th Cir. 1997) for the rule that an out-of-court statement by an informant is admissible, and not hearsay, when offered for the limited purpose of explaining why a government investigation was undertaken. The government does not address Becknell's Sixth Amendment objection.

The Sixth Amendment provides "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. CONST. amend. VI. The Confrontation Clause, providing that the accused has right to confront and cross-examine witnesses against him, applies not only to in-court testimony, but also to out-of-court statements introduced at trial, regardless of admissibility of statements under law of evidence. *Crawford v. Washington*, 541 U.S. 36, 50–51 (2004). In *Crawford*, the Supreme Court held "[w]here testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Id.* at 68. A confidential informant's statements to a law enforcement officer are clearly testimonial. *Melendez–Diaz v. Massachusetts,* 557 U.S. 305, 310–11 (2009).

The court grants Becknell's motion in limine regarding statements made by the criminal informant in this case. Although the statements may be admissible as nonhearsay if they are offered as background for the government investigation, this does not defeat the Sixth Amendment confrontation issue. *See Crawford*, 541 U.S. at 50–

51. The criminal informant's statements are clearly testimonial in nature, so the Sixth Amendment requires a prior opportunity for cross-examination. Becknell has not had an opportunity to cross-examine the criminal informant in this case, so these statements are inadmissible.

IT IS THEREFORE ORDERED this 17th day of September, 2013, that Becknell's Motion in Limine (Dkt. 43) is granted in part and denied in part to the extent set forth above.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE