IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                                 Case No. 13-10071-JTM

AMOS BECKNELL,

          Defendant.

MEMORANDUM AND ORDER

The court has before it defendant Amos Becknell's Motion for Judgment of Acquittal (Dkt. 65). The court denies the Motion for the following reasons.

**I. Background**

On April 23, 2013, a grand jury returned a five count indictment charging Becknell with five counts: possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c); and three counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 13, 2013, the government filed a superseding indictment alleging the same charges. The case proceeded to trial on September 17, 2013. On September 20, 2013, the jury found Becknell guilty of all five charges.

Becknell filed this motion on September 24, 2013, within the fourteen-day deadline set out in FED. R. CRIM. P. 29(c), arguing that the court should enter a judgment of acquittal based on insufficiency of the evidence.

## II. Legal Standard

In reviewing the sufficiency of the evidence, a court reviews the record *de novo* to determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt. *United States v. Irvin*, 682 F.3d 1254, 1266 (10th Cir. 2012). The court "must consider the entire record, including both direct and circumstantial evidence, together with the reasonable inferences to be drawn from it." *United States v. Mendez*, 514 F.3d 1035, 1041 (10th Cir. 2008). "The evidence presented to support a conviction must be substantial; it must do more than raise a mere suspicion of guilt." *United States v. Morales*, 108 F.3d 1213, 1221 (10th Cir. 1997) (citing *United States v. Sanders*, 929 F.2d 1466, 1470 (10th Cir. 1991)). The conviction must be supported by substantial evidence, but "it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt." *United States v. Vallejos*, 421 F.3d 1119, 1122 (10th Cir. 2005). The court cannot consider the credibility of witnesses or weigh conflicting evidence, because "these matters are within the exclusive providence of the jury." *United States v. Magallanez*, 408 F.3d 672, 682 (10th Cir. 2005). "Reversal is only appropriate if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Burkley*, 513 F.3d 1185, 1190 (10th Cir. 2008) (quoting *United States v. Austin*, 231 F.3d 1278, 1283 (10th Cir. 2000)).

**III. Analysis**

    a. **Possession of Cocaine with Intent to Distribute**

The jury in this case convicted Becknell of possessing a controlled substance with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). "To sustain a conviction of possession with intent to distribute under 21 U.S.C. § 841(a)(1), the government must prove that a defendant: (1) possessed a controlled substance, (2) knew he possessed a controlled substance, and (3) intended to distribute the controlled substance." *Burkley*, 513 F.3d at 1190 (quoting *United States v. Jenkins*, 175 F.3d 1208, 1215-1216 (10th Cir. 1999)).

At trial, the court instructed the jury on the elements of this crime. *See* Dkt. 60, Jury Instruction Number 13. The court also instructed the jury on possession:

> The law recognizes two kinds of possession: actual possession or constructive possession. A person who knowingly has direct physical control over a thing at a given time is then in actual possession of it. A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.
>
> In the situation where the object is found in a place (such as a room or car) occupied by more than one person, you may not infer control over the object based solely on joint occupancy. Mere control over the place in which the object is found is not sufficient to establish constructive possession. Instead, in this situation, the government must prove some connection between the particular defendant and the object.

*See* Dkt. 60, Jury Instruction Number 18.

The evidence at trial gave a reasonable jury a sufficient basis to find Becknell guilty of constructive possession with intent to distribute. First, the evidence

established the home at 1115 N. Green St. as Becknell's residence. Although one witness testified that Becknell lived elsewhere, several witnesses established that the residence at 1115 N. Green was Becknell's mother's home and that he had been staying there while recovering from an injury. Additionally, the physical evidence established Becknell's residency. In searching the home, officers found numerous personal items belonging to defendant including mail addressed to Becknell, a certificate from Becknell's daughter naming him "World's Best Dad," and items needed by Becknell while recovering from his injury (i.e., a walker, crutches and portable bedpan). Officers testified to observing Becknell at the residence numerous times while doing surveillance. Perhaps the best evidence that Becknell lived at 1115 N. Green was that when he was arrested, he specifically told the officers that was where he resided. Without weighing the credibility of the witnesses, and interpreting the evidence in favor of the government, the jury had sufficient evidence to conclude Becknell lived at 1115 N. Green. *See McCullough*, 457 F.3d at 1168–69 (finding that defendant's relationship with owner of the residence, production of personal items, clothing, and identification cards established he resided there, even though he had no ownership interest); *see also Roach*, 582 F.3d at 1205 (finding that defendant had a key to the premises and the presence of his time sheet from work on a closet shelf suggested that he regularly stayed there).

Becknell also argues that the government did not prove that he possessed the drugs. Possession of a controlled substance can be either actual or constructive. *United States v. McCullough*, 457 F.3d 1150, 1168 (10th Cir. 2006) (citing *United States v.*

4

*McKissick*, 204 F.3d 1282, 1291 (10th Cir. 2000)). "Constructive possession exists where a person knowingly has ownership, dominion, or control over the narcotics and the premises where narcotics are found." *Id*. (citing *United States v. Reece*, 86 F.3d 994, 996 (10th Cir. 1996)). Alternatively, a person has constructive possession of a controlled substance when he or she has an appreciable ability to guide the destiny of the drug. *Id*. (citing *United States v. Carter*, 130 F.3d 1432, 1441 (10th Cir. 1997)).

In searching Becknell's residence, officers found a detergent cap in the resident that contained narcotics, and this cap had Becknell's fingerprint on it. The court admitted this evidence at trial. Officers also found narcotics in an empty cigarette pack located on a coffee table in the house. At least one witness at trial testified that the cigarette pack in which the drugs were found was of the same brand of cigarettes Becknell carried around. Packing material was sitting by the empty cigarette pack on the coffee table. Further, the trash pulls performed by police indicated that drug dealing had been taking place at the residence. A reasonable jury could connect Becknell with the drugs through this circumstantial evidence.

Becknell points out that his mother also lived there and multiple individuals were in and out of the home on a regular basis. But the presence of other individuals in addition to Becknell does not undermine the direct nexus between Becknell and the narcotics. In closing arguments, Becknell's defense counsel asserted the possibility that the drugs belonged to someone else, but the jury apparently found this unconvincing. The court finds the jury's verdict supported by sufficient evidence.

### b. Possession of a Firearm in Further of a Drug Trafficking Crime

The jury also convicted Becknell of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). A conviction under 18 U.S.C. § 924(c)(1) requires more than just possession of a firearm; it also requires that such possession be 'in furtherance of' a drug trafficking crime. *United States v. McGehee*, 672 F.3d 860, 871 (10th Cir. 2012) (citing *United States v. King*, 632 F.3d 646, 655 (10th Cir. 2011)). "Possession in furtherance requires the government to show that the weapon furthered, promoted or advanced a drug trafficking crime." *Id.* (quoting *United States v. Robinson*, 435 F.3d 1244, 1251 (10th Cir. 2006)). Thus, "the government [must] establish some nexus between the firearms and the underlying drug trafficking crime." *Id.* (quoting *United States v. Luke-Sanchez*, 483 F.3d 703, 706 (10th Cir. 2007)). "The intent to possess the weapon to further [a] drug trafficking crime is generally proven through circumstantial evidence." *King*, 632 F.3d at 655. "Several factors may facilitate proof . . . of the defendant's intent." *Robinson*, 435 F.3d at 1251. "These factors include: (1) the type of drug activity being conducted, (2) the accessibility of the firearm, (3) the type of firearm, (4) the legal status of the firearm, (5) whether the firearm is loaded, (6) the proximity of the firearm to drugs or drug profits, and (7) the time and circumstances under which the firearm is found." *McCullough*, 457 F.3d at 1170 (citing *Robinson*, 435 F.3d at 1251). Firearms are frequently "tools of the trade" in drug trafficking crimes. *United States v. Hall*, 473 F.3d 1295, 1304 (10th Cir. 2007).

At trial, the court instructed the jury on the elements of this crime. *See* Dkt. 60, Jury Instruction Number 14. The court further instructed the jury that:

> Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense.
>
> Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated to the underlying crime.
>
> Some factors that may help in determining whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime include, but are not limited to:
> 1. The type of criminal activity that is being conducted;
> 2. Accessibility of the firearm;
> 3. The type of firearm;
> 4. Whether the firearm is stolen;
> 5. The status of the possession (legitimate or illegal);
> 6. Whether the firearm is loaded;
> 7. The time and circumstances under which the firearm is found; and
> 8. Proximity to drugs or drug profits.

*Id*.

The jury had sufficient evidence to support its verdict on this charge. In his motion for acquittal, Becknell contends the government failed to provide evidence that the possession of a firearm was in furtherance of a drug trafficking crime because the firearm was not found within arm's reach of either package of drugs found in the residence. But no rule requires the firearm to have been within an arm's reach of the drugs. This is simply not an element of the crime.

When officers executed their search warrant for 1115 N. Green, they recovered three firearms. One of these firearms was a semi-automatic firearm found in the same

room and in close proximity to the drugs and drug packaging material. When the officers recovered the firearm, it was fully loaded with a live cartridge in the chamber. Again, the officers had observed people making quick stops indicative of drug sales, and the trash pulls had provided ample additional evidence of these transactions. Based on this evidence, considered in a light most favorable to the government, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See McGehee*, 672 at 871-872 (finding any rational trier of fact could have found the defendant guilty of possession of a firearm in furtherance of a drug trafficking crime when the firearm was in close proximity to the drugs, the crime involved distribution of cocaine, the gun was a large-caliber, semi-automatic pistol, and the firearm was fully loaded); *see also McCullough*, 457 F.3d at 1170 (finding evidence was sufficient to support conviction when the firearms were easily accessible, not the type used for hunting or sport, and were fully loaded).

   c. **Felon in Possession of a Firearm**

The jury in this case also convicted Becknell of three counts of knowingly possessing a firearm, in or affecting interstate commerce, after having been previously convicted of a felony in any court, in violation of 18 U.S.C. § 922(g)(1). Possession of contraband may be either actual or constructive under 18 U.S.C. § 922(g)(1). *United States v. Roach*, 582 F.3d 1192, 1205 (10th Cir. 2009) (citing *Reece*, 86 F.3d at 996). "Constructive possession exists when a person knowingly holds the power and ability to exercise dominion and control over an object." *Id.* (citing *United States v. Lopez*, 372 F.3d 1207, 1211 (10th Cir. 2004). "When contraband may be attributed to more than one

person, as in a case of joint occupancy of a premises, the government must show 'some nexus, link, or other connection between the defendant and the contraband' beyond mere co-occupancy of the premises." *Id.* (quoting *Reece*, 86 F.3d at 996). "That nexus cannot be based on proximity alone, and requires either direct or circumstantial evidence that the defendant had knowledge of, and access to, the contraband." *Id.* (citing *United States v. Jameson*, 478 F.3d 1204, 1209–10 (10th Cir. 2007)).

As was set out above, the court instructed the jury regarding possession. *See* Dkt. 60, Jury Instruction Number 18. The court also instructed the jury on the elements of the felon in possession crime. *See* Dkt. 60, Jury Instruction Number 15.

In his motion for acquittal, Becknell contends the United States failed to establish the first element of the crime, arguing there was no sufficient connection between him and the firearms to support his conviction. Constructive possession of a firearm exists when an individual "knowingly holds the power and ability to exercise dominion and control over it." *United States v. Lopez*, 372 F.3d 1207, 1211 (10th Cir. 2004). Constructive possession can be found when an individual has "ownership, dominion, or control" over the premises wherein the firearm was found. *Ledford*, 443 F.3d at 713. Constructive possession of a firearm by a felon can be shown by circumstantial evidence as long as the Government shows that there is a sufficient nexus between the accused and the firearm. *Lopez*, 372 F.3d at 1212. The government must present "some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the . . . contraband." *United States v. McKissick*, 204 F.3d 1282, 1291 (10th Cir. 2000).

At trial, Officer Stipp testified that when questioned, Becknell stated there would be three firearms in the house, described them with specificity, and explained the location of each firearm. This certainly establishes Becknell's knowledge of the firearms. Becknell had a key to the house—he lived there, after all—which is evidence of his access to the firearms.

Becknell's cousin testified at trial that he owned the firearms. He said that he had left the firearms at the residence in a bag and unloaded. But officers found two of the firearms in Becknell's bedroom and one on the sofa, with all three firearms loaded. Even if the jury believed Becknell's cousin was the owner, someone else must have exercised control over the guns after he left them at the residence, because they were no longer together in a bag, unloaded.

Based upon this evidence, a rational trier of fact could have found all of the elements to convict Becknell of being a felon in possession of a firearm. *See Roach*, 582 F.3d at 1205 (finding evidence that defendant had a key to the premises, the firearm was found on a closet shelf with his other belongings, and the defendant had access to the closet were sufficient evidence to establish a connection between the firearm and the defendant); *see also King*, 632 F.3d at 652-653 (finding the evidence sufficient where a defendant, though lacking car keys, could have accessed the contraband in the car); *Mendez*, 514 F.3d at 1042 (finding, because the gun was accessible to anyone in the house, the jury could reasonably infer that anyone using the room had knowledge and access to the gun).

IT IS THEREFORE ORDERED this 31st day of October, 2013, that Amos Becknell's Motion for Judgment of Acquittal (Dkt. 65) is denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE